UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50073
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEPHEN BOGDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(88-CR-120)
_____
July 31, 1995

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Stephen Bogdon, *pro se*, appeals from the denial of 28 U.S.C. § 2255 relief. We **AFFIRM**.

I.

Bogdon entered a guilty plea for conspiracy to distribute methamphetamine, and was sentenced, *inter alia*, to 240 months imprisonment. Our court affirmed his conviction on direct appeal. **United States v. Bogdon**, No. 89-1446 (5th Cir. November 22, 1989) (unpublished). Bogdon moved to vacate his sentence under 28 U.S.C.

---

[1] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

§ 2255, claiming improper application of the Sentencing Guidelines, ineffective assistance of counsel, and, in a supplemental motion, that the Sentencing Commission exceeded its statutory authority in including conspiracy within the ambit of "controlled substance offenses".   The district court adopted the report and recommendation of the magistrate judge, and denied Bogdon's motion.

## II.

### A.

Bogdon claims he is entitled to relief on the basis that the court applied improperly the career offender provision of the Sentencing Guidelines, § 4B1.2, to enhance his sentence.   The section was applied to Bogdon's prior conviction for possession of over 20 grams of marijuana.   Relying on our court's holding in *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992), Bogdon claims that a simple possession offense is not a "drug trafficking offense" within the meaning of the guidelines.

It goes without saying that § 2255 relief is reserved for constitutional violations and for "a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice".  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  Accordingly, this claim is not cognizable under § 2255.   "A district court's technical application of the Guidelines does not give rise to a constitutional issue."  *Id*.

Furthermore, even assuming Bogdon could show cause for his failure to raise this issue on direct appeal, he cannot show "a

complete miscarriage of justice". *Gaitan*, on which Bogdon relies, concerned the 1989 Sentencing Guidelines, wherein § 4B1.2 was amended to eliminate listed offenses and phrases such as "substantially similar [to a listed offense]". *Gaitan*, 954 F.2d at 1008-09 n.7. The 1989 guidelines did not become effective until November 1, 1989. *Id.* Bogdon was sentenced on May 3, 1989, under the 1988 guidelines.[2] The application of the 1988 guidelines, to which *Gaitan* does not apply, does not give rise to a complete miscarriage of justice. *See United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Accordingly, Bogdon is not entitled to relief on this ground.

B.

Bogdon also claims relief based on *United States v. Bellazerius*, 24 F.3d 698, 700-02 (5th Cir.), *cert. denied*, 115 S. Ct. 375 (1994), which held that the Sentencing Commission exceeded its authority under 28 U.S.C. § 994(h) in applying the career offender guideline to defendants (like Bogdon) convicted only of conspiracy offenses. Bogdon urges that *Bellazerius* entitles him to relief because the sentencing court applied § 4B1.2 to his

---

[2] Because the 1989 guideline differs from the 1988 version, Bogdon's ineffective assistance claim, based on his attorney's failure to object to the district court's application of that guideline, fails. Bogdon must demonstrate, *inter alia*, that his attorney's conduct was objectively unreasonable in light of the law in effect at the time of trial. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the 1988 guidelines, the sentencing court could consider listed offenses and "substantially similar" offenses. Given this leeway, Bogdon's attorney was not constitutionally ineffective for failing to object. Nor was he constitutionally ineffective for failing to anticipate our holding in *Gaitan*. *See Morse v. Texas*, 691 F.2d 770, 772 n.2 (5th Cir. 1982).

conspiracy conviction.  Our court recently addressed this issue, and held specifically that such a claim is not cognizable under § 2255.  *United States v. Williams*, No. 94-50329 (5th Cir. March 27, 1995) (unpublished).[3]

### III.

For the foregoing reasons, the judgement is

**AFFIRMED**.

---

[3]     Bogdon also claims ineffective assistance of counsel because his attorney did not object to the sentencing court's application of the career offender guideline to his conspiracy conviction. Bogdon did not raise this claim in the district court; we will not review it.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).